Curia, per Wardlaw, J.
I refused the non-suit, on the circuit, against the inclination of my own mind, because I was in doubt, and thought it better that a trial .of the facts should be had, leaving the defendant to renew his motion here, than that the 'case should be stopped, with a chance of its being sent back.
The motion for a nonsuit has been pressed here, mainly upon the ground, that by arresting J. E. Williamson under a ca. sa. and taking an assignment of the prison bounds bond, the plaintiff waived and lost his right to resort to his-Ji.fa. It may be observed that this case is distinguishable from Berry vs. Hoke, 1 Rich. 76, in these two particulars : 1st. here there was no judgment on the prison bounds bond, as there was there; 2d. there, there was no pretence of satisfaction before the arrest, as is urged here. This court, however, does not find it necessary to decide this ground.
*105 The non-suit must be granted, upon the ground which most troubled me on the circuit: that the plaintiff had, when he commenced this suit, no such right to the money collected by the sheriff under the execution in the case of John E. Williamson against Reuben Williamson, as would sustain his action of indebitatus assumpsit against the sheriff. This form of action will not lie upon a mere liability arising from an official act; to sustain it, there must bé money in the hands of the defendant to which the plaintiff has an instant right.
Now, admit that a sheriff may levy on money, (as decided in Summers vs. Caldwell, 2 N. & McC. 341, and Means vs. Vance, 1 Bail. 39, and the cases in them cited,) money which has come to his hands is no more applied by operation of law to the case for which he should levy it, without some levy or application by him, than without any levy are other goods of the defendant which may have come to his hands. The sheriff may levy or apply the money in' his hands : but he does so, as in other instances of levy, at his own risk. The money, although raised under execution, may not belong to the plaintiff in that execution ; the sheriff must be left to inquire and determines If he should fail to apply what he ought, the court may order him to do so ; but this seems, in Means vs. Vance, to be considered a matter of discretion in the court. In a proper case the sheriff may be ruled, and an issue may be ordered to settle the rights of conflicting claimants. If a sheriff should pay' away money in disregard of the executions against the owner of the money, and such executions should thereby be defeated, he may, perhaps, be liable in a special action. But to hold that the law, without any act on the part of the sheriff, applies to executions against a plaintiff in execution whatever money may be received by a sheriff for him, would very greatly embarrass both officers and suitors. The certainty of obtaining payment by resort to other means, would have to be yielded to the doubtful chance of pursuing money amidst various claims, for fear of committing a trespass, by urging an execution that had been satisfied. Plaintiffs would have no certain means of knowing the condition of their cases and their *106 rights. Indeed, when we remember the facility of assigning executions, and consider that if money made for a plaintiff in execution is applied, by law, to executions against him, if it has not been previously assigned, so must be money made upon executions which have been assigned to a defendant in execution, the confusion which would ensue might be serious beyond what we can now anticipate.
The motion for a non-suit is granted.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.